UNITED STATES v. BEACH.

(District Court, D. Colorado.    December 26, 1895.)

Nos. 1,142 and 1,143.

WRONGFUL USE OF MAILS—SCHEME TO DEFRAUD.

> An indictment, under Rev. St. § 5480, for using the mails for promoting "a scheme and artifice to defraud," must show that there was a motive of gain on the part of defendant, since the general language of the statute must be limited to such schemes and artifices as are ejusdem generis with those specifically named, and these latter are of the kind which are gainful to the wrongdoer.

Henry V. Johnson, for the United States.

Thomas Ward, for defendant.

HALLETT, District Judge.    These indictments are upon section 5480, Rev. St., as amended March 2, 1889 (25 Stat. 873), for using the mails for promoting a scheme and artifice to defraud.    The charge is that the prisoner induced the prosecutor to go to Salt Lake City, Utah, and to expend a considerable sum of money in making the journey, upon the false pretense that he could have employment as a nurse from one Perkins.    Perkins was a mythical person, and there was no employment of any kind for the prosecutor in Salt Lake City.    The point is made against the indictments that there was no motive of gain to the prisoner in making the false representations, and therefore the case is not within the statute.    If we could solve the question upon any meaning of the word defraud, it would be difficult to say that "lucri causa" is an element of the offense.    Fraud may be only an artifice to deprive another of his right, without gain to the person practicing it.    In the analogous cases of cheating and swindling, it is doubtful whether gain to the wrongdoer is an essential element; and in malicious mischief, which this case much resembles, there is no such element.    Even in larceny, after much conflict of decision, it is still doubtful whether the taking must be lucri causa.    2 Bish. Cr. Law, § 842; 2 Whart. Cr. Law, § 1781.    Since the full recognition of malicious mischief as a distinct offense, it would seem that this intent ought to be of the essence of larceny.    These considerations are not, however, controlling in the case at bar, for the reason that the statute defines the cases to which it is applicable.    The cases mentioned in the statute are:    "To sell, dispose of, loan, exchange, alter, give away, or distribute, supply, or furnish, or procure for unlawful use any counterfeit or spurious coin," etc., and "to obtain money by or through correspondence, by what is commonly called the 'sawdust swindle,' or 'counterfeit money fraud,' or by dealing or pretending to deal in what are commonly called 'green articles,' 'green coin,' 'bills,' 'paper goods,' 'spurious treasury notes,' 'United States goods,' 'green cigars,' or any other names or terms intended to be understood as relating to such counterfeit or spurious articles," etc. The words "give away," "distribute," "supply," etc., are obviously inserted to meet evasions of the act,—as where the wrongdoer pro-

poses to sell a picture for a big price, and to give a quantity of spurious money as inducement to the purchase; or where, as in some cases that arose in this district, the wrongdoer offers a worthless town lot as a gift, and charges ten prices for putting the deed on record. The payment of money or something of value for the spurious coin or "green articles" is essential to the fraud in respect to which the mails are not to be used, and, plainly enough, the person practicing the fraud is to receive the payment, whatever it may be. There is, therefore, in the offense defined in the statute, the element of loss to the person deceived, and also the element of gain to the offender. The statute is not limited to the particular deceits mentioned in it, such as the "sawdust swindle" and the "counterfeit money fraud," for the first clause embraces "any scheme or artifice to defraud"; but these words must be taken to mean any scheme or artifice of the general character of those specified in the act. The general language of the act must be limited to such schemes and artifices as are ejusdem generis with those named. Bish. St. Crimes, par. 245. We have discovered that the schemes and artifices named in the act are of the kind which are gainful to the wrongdoer, and thereupon we must declare that no scheme or artifice which lacks this intent can be within the prohibition of the act. The conduct of the prisoner, charged in the indictment, was abundantly harmful to the prosecutor, but it was not gainful to the prisoner, except in the matter of malice and ill will, of which he is not in need; but malice is not the intent specified in the statute. The indictments will be quashed.